# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD RAY GILBERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00460-JPG |
| | ) |
| **C/O KENYTON,** | ) |
| **TED HOLDER, and** | ) |
| **JOHN KOLEMAN,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald R. Gilbert is currently incarcerated at Sheridan Correctional Center. Proceeding *pro se*, Gilbert has filed a complaint pursuant to 42 U.S.C. § 1983 based on an event that occurred at the Massac County Jail.

This matter is now before the Court for a preliminary review of Gilbert's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." *Id.* During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." *Id.*

### Background

The complaint states that on January 6 (presumably of this year), while Gilbert was housed at the Massac County Jail, he heard a man and a woman discussing a song. They concluded that the name of the singer was Billy Ray Cyrus, but Gilbert informed them that it was

actually Tim McGraw. At this point, Defendant Correctional Officer Kenyton told Gilbert "that's it," slammed Gilbert's food hole shut, and, after fetching keys, entered Gilbert's cell. He "pulled out a round long stick looking thing" upon entering the cell and then shoved Kenyton, causing him to fall and injure his neck, nose, and lip. Kenyton then said that if he and his cellmate refused to "shut up" he was going to break their television and charge them with a felony for damaging or destroying state property.

After Kenyton left, Gilbert called the crime tip hotline and reported the incident to Defendant Sheriff Ted Holder and Defendant Jail Administrator John Koleman. However, "[n]othing [h]as been done."

## Discussion

Gilbert may proceed against Defendant Kenyton in this action under an Eighth Amendment theory of liability for excessive force. The intentional use of excessive force by correctional employees against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is therefore actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins,* 559 U.S. at 40 (citing *Hudson v. McMillian,* 503 U.S. 1, 6 (1992)). Here, Gilbert suggests that his assault by Kenyton was carried out without penological justification. Therefore, he may proceed on his excessive force claim against Kenyton at this time.

However, he may not proceed against Defendants Holder or Koleman. The fact that someone received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the

deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, Gilbert has no claim against Holder and Koleman, and they shall be dismissed from this action without prejudice.

## Pending Motion

The same day he filed his complaint, Gilbert filed a motion for recruitment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Gilbert's petition adequately articulates his claims, and based on this ability, this Court concludes that Gilbert appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Gilbert's motion for appointment of counsel will

be **DENIED** without prejudice. Gilbert may choose to re-file this motion at a later stage in the litigation.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff shall **PROCEED** against Defendant **KENYTON** in this action. Defendants **HOLDER** and **KOLEMAN** are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **KENYTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed

a certificate stating the date on which a true and correct copy of the document was served on the Defendant or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should both parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: June 21, 2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**